# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WOMACK, an individual,<br><br>                Plaintiff,<br>vs.<br>SAN DIEGO METROPOLITAN TRANSIT DEVELOPMENT BOARD, et al. DOES 1-500,<br><br>                Defendant. | CASE NO. 14cv1929-WQH (DHB)<br><br>ORDER |

HAYES, Judge:

      The matters before the Court are the Motion to Dismiss and Motion for Award of Attorneys' Fees Under 28 U.S.C. Section 1927 filed by Defendant San Diego Metropolitan Transit Development Board (ECF Nos. 4-5), the Motion to Remand filed by Plaintiff Robert Womack (ECF No. 8), and the Motion for Emergency Hearing filed by Plaintiff (ECF No. 9).

## I. Background

      On July 21, 2014, Plaintiff Robert C. Womack, proceeding *pro se*, commenced this action by filing the Complaint in San Diego County Superior Court. (ECF No. 1 at 7). On August 8, 2014, Defendant San Diego Metropolitan Transit Systems ("MTS") removed to this Court on the basis of federal question jurisdiction. (ECF No. 1). On August 22, 2014, Defendant filed the Motion to Dismiss, accompanied by a Request for Judicial Notice, and the Motion for Award of Attorneys' Fees. (ECF Nos. 4 and 5). On

September 9, 2014, Plaintiff filed a document titled "Declaration of Robert C. Womack Response to Defendants Motion to Removal of Action Under 28 U.S.C. 1331 and 1441(A) Federal Question and Plaintiff Request to Remain in State Court under 28 U.S.C. 1447(C)" ("Motion to Remand").  (ECF No. 8).[1]  On September 29, 2014, Plaintiff filed a document titled "Plaintiff Request for a Emergency Hearing as to Jurisdiction of Plaintiff's Complaint" ("Motion for Emergency Hearing").  (ECF No. 9).  Plaintiff has not responded in opposition to either of Defendant's pending motions.

## II. Allegations of the Complaint

Plaintiff was hired by San Diego Trolley, Inc. as a Code Compliance Inspector in June of 2005 and was terminated on October 11, 2007.  (ECF No. 1 at 10).  Throughout his career, "Plaintiff was praised, verbally and in writing, for achieving and often exceeding his objectives."  *Id.*  On May 11, 2007, Plaintiff was interrogated at work without his union representative present.  *Id.* at 12.  On September 30, 2007, Plaintiff received a letter stating that he would be terminated due to violation of six of Defendant's employment policies.  *Id.* at 11.  Plaintiff "denied all allegations to no avail."  *Id.* at 12.  After his termination, "Plaintiff took it upon himself to prove his innocence and engaged a polygraph examiner to provide to MTDB the relevant evidence."  *Id.* at 10.

On January 30, 2008, Plaintiff had an administrative law hearing, where he was not permitted to present "evidence [of] phone records, work schedule as well [as] a polygraph test that vindicates Plaintiff and provides evidence that Savoy and Adams both violated Plaintiff's constitutional right of due process...."  *Id.* at 13.

In an unspecified subsequent proceeding, the Honorable Barry T. Moskowitz, Chief Judge of the United States District Court for the Southern District of California, granted Defendants qualified immunity.  Plaintiff requests that the Court order judgment be declared void due to "fraud among the court, fraud, conspiring to commit

---

[1] The Court construes this filing as a Motion to Remand.

1 fraud, and violations of Womack's constitutional rights, Skelly Rights, and as well as
2 all officers of court [sic]." *Id.* at 9.  Plaintiff asserts claims for violations of the First,
3 Fourth, Eighth, and Fourteenth Amendments, violation of 42 U.S.C. section 1983,
4 discrimination, and Federal Rule of Civil Procedure 60(B)(4).

**III.  Motion to Dismiss (ECF No. 4)**

Defendant asserts that Plaintiff challenged his termination from MTS in binding arbitration pursuant to a collective bargaining agreement.  Defendant asserts that after the arbitrator upheld the termination, Plaintiff filed a civil lawsuit challenging the termination.  Defendant asserts that Judge Moskowitz granted Defendant summary judgment.  Defendant asserts that Judge Moskowitz then denied Plaintiff's four post-judgment motions for reconsideration and warned Plaintiff to stop filing frivolous motions.  Defendant asserts that Plaintiff then filed the current action, reiterating the same arguments and contending that Judge Moskowitz erred in dismissing the first action.

Defendant contends that the Complaint is a Rule 60(b)(4) motion to void the prior judgment in the case before Judge Moskowitz.  Defendant contends that this motion is untimely because it was filed three and a half years after judgment.  Defendant also contends that this motion is unmeritorious because it cannot provide a substitute for a timely appeal of a judgment.  Defendant contends in the alternative that the Complaint fails to state a claim.

Plaintiff does not oppose the motion. Plaintiff's Motion for Emergency Hearing contends that Judge Moskowitz was presented with evidence that defendants were dishonest in the case before him and that Judge Moskowitz had a "personal relationship with defendant's counsel."  (ECF No. 9 at 2).

The Court takes judicial notice of the Order granting Defendant's motion for summary judgment in Case Number 09cv2679-BTM (NLS) (S.D. Cal.) ("case number 09cv2679"), issued February 28, 2011.  (ECF No. 4-3 at 7).  The Order granted Defendant's motion for summary judgment on all of Plaintiff's claims related to

1  Plaintiff's termination from MTS in October of 2007.  The Court also takes judicial
2  notice of the judgment entered for Defendant in case number 09cv2679 on March 1,
3  2011 ("March 1, 2011 Judgment").  *Id.* at 25.  The Court takes judicial notice of four
4  post-judgment motions filed by Plaintiff.  (ECF No. 4-3 at 47, 126, 297, 316).  The
5  Court also takes judicial notice of four orders entered in case number 09cv2679, issued
6  on May 24, 2011, September 6, 2011, October 4, 2011, and February 27, 2012, all
7  denying Plaintiff's requests for relief from the March 1, 2011 Judgment. (ECF No. 4-3
8  at 123, 294, 314, 341).

9  In the October 4, 2011 Order, Judge Moskowitz denied Plaintiff's motion for
10 reconsideration pursuant to Rule 60(b).  Judge Moskowitz stated that "[c]ontinued
11 filings of Rule 60(b) motions and motions for reconsideration will not be fruitful.  At
12 this juncture, Plaintiff may want to investigate the option of appealing to the Ninth
13 Circuit Court of Appeals."  *Id.* at 315.  In the February 27, 2012 Order, Judge
14 Moskowitz denied Plaintiff's motion for relief pursuant Rule 60(b)(2) based on newly
15 discovered evidence.  Judge Moskowitz stated:

> [A]ny further Rule 60 motions or motions for reconsideration that lack merit may be grounds for sanctions under 28 U.S.C. § 1927. Although the Court denied Defendants' instant motion for attorney's fees incurred in opposing Plaintiff's first 60(b) motion, the Court cannot continue to show leniency for repeated filings of meritless Rule 60(b) motions and motions for reconsideration. In the Court's October 4, 2011 Order, the Court explained, "Continued filings of Rule 60(b) motions and motions for reconsideration will not be fruitful. At this juncture, Plaintiff may want to investigate the option of appealing to the Ninth Circuit Court of Appeals." Yet Plaintiff filed another Rule 60(b) motion, which the Court now denies. Repeated filings which reiterate the same arguments that have already been rejected by the Court will not change the outcome of this lawsuit and will expose Plaintiff to liability for attorney's fees incurred by Defendants in opposing the motions.

24 *Id.* at 345.

25 In this case, the Complaint asserts a cause of action under Federal Rule of Civil
26 Procedure 60(B)(4).  The Complaint "pleads with Superior Court VOID the Judgment
27 due to FRAUD AMONG THE COURT, FRAUD, CONSPIRE TO COMMIT FRAUD,
28 and VIOLATIONS of WOMACK'S Constitutional Rights, Skelly Rights, and AS

WELL AS ALL OFFICERS OF COURT." (ECF No. 1 at 9). The Complaint alleges that "the federal court erred in issuing summary judgment" and "erred in issuing orders outside the scope of its jurisdiction, directly prohibited by the United States Constitution, violative of due process, and to all standards of decency and propriety." *Id.* at 14-15. Throughout the Complaint, Plaintiff asserts that Judge Moskowitz erred in rendering rulings in case number 09cv2679. The Complaint concludes by praying "the court will void this case [and] overturn the summary judgment issued on February 28, 2011 as well as issue an order granting Womack's right to if ordered by the court to refile and or remand back to the original case filed November 2009." *Id.* at 38.

The Complaint does not identify any claims that would not require voiding the judgment in case number 09cv2679. A district court has no authority to vacate the judgment of a closed case before another district judge. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 825-27 (9th Cir. 2002).

Because a judgment for Plaintiff in this action would necessarily require the Court to vacate the judgment entered in case number 09cv2679, the Court cannot entertain this case. Defendant's motion to dismiss is granted. Because amendment would be futile, dismissal is with prejudice.

**IV. Motion for Attorneys' Fees Pursuant to 28 U.S.C. § 1927 (ECF No. 5)**

Defendant contends that Plaintiff has unreasonably and vexatiously multiplied proceedings by now filing a fifth motion to be relieved from the March 1, 2011 Judgment, when he was specifically warned that doing so could result in sanctions. Plaintiff does not oppose Defendant's motion.

28 U.S.C. section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under section 1927 may be imposed where a litigant "recklessly raised a *frivolous* argument

which resulted in the multiplication of the proceedings." *In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) (emphasis in original).

In this case, Plaintiff, as warned, did not continue to file post-judgment motions before Judge Moskowitz. Plaintiff may have believed that he was not prohibited from seeking relief in state court, and that filing in state court would be a fruitful exercise. The Court does not find that Plaintiff recklessly raised a frivolous argument. The motion for sanctions is denied.

Plaintiff is instructed that the March 1, 2011 Judgment is a *final, valid, and enforceable judgment*.

Plaintiff is HEREBY NOTIFIED that subsequent filings in this case may be grounds for sanctions. *See* 28 U.S.C. § 1927. Further attempts in this case to vacate the March 1, 2011 Judgment in case number 09cv2679 may be construed as recklessly raising a frivolous argument.

**V. Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED. (ECF No. 4). The Complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Motion for Attorneys' Fees is DENIED. (ECF No. 5).

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 8) and the Motion for an Emergency Hearing (ECF No. 9) are DENIED as moot.

DATED: October 23, 2014

**WILLIAM Q. HAYES**
United States District Judge