# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WOMACK, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>SAN DIEGO METROPOLITAN TRANSIT DEVELOPMENT BOARD, et al. DOES 1-500,<br><br>    Defendants. | CASE NO. 14cv1929 WQH (DHB)<br><br>ORDER |

HAYES, Judge:

The matters before the Court are the Motion to Declare Plaintiff a Vexatious Litigant and for a Pre-Filing Order filed by Defendant San Diego Metropolitan Transit System ("MTS") (ECF No. 10), the Motion to Reopen Case No. 09cv2679-BTM-NLS pursuant to Federal Rule of Civil Procedure 60(b)(3) filed by Plaintiff Robert C. Womack (ECF No. 12), and the request for oral argument on November 17, 2014 filed by Plaintiff (ECF No. 18).

## BACKGROUND

On July 21, 2014, Plaintiff Robert C. Womack, proceeding *pro se*, commenced this action by filing the Complaint in San Diego County Superior Court. (ECF No. 1 at 7). On August 8, 2014, Defendant MTS removed to this Court on the basis of federal

question jurisdiction. (ECF No. 1). On August 22, 2014, Defendant filed a motion to dismiss and a motion for an award of attorneys' fees. (ECF Nos. 4 and 5). On October 23, 2014, the Court issued an Order granting Defendant's motion to dismiss and denying Defendant's motion for an award of attorneys' fees. (ECF No. 13). The Court found that, "[b]ecause a judgment for Plaintiff in this action would necessarily require the Court to vacate the judgment entered in case number 09cv2679, the Court cannot entertain this case." (ECF No. 13 at 5). The Court dismissed the Complaint on the grounds that amendment would be futile. *Id.* The Court cautioned Plaintiff that "[f]urther attempts in this case to vacate the March 1, 2011 Judgment in case number 09cv2679 may be construed as recklessly raising a frivolous argument." *Id.* at 6.

On October 15, 2014, Defendant MTS filed a Motion to Declare Plaintiff Vexatious Litigant, accompanied by a declaration and a request for judicial notice. (ECF No. 10). The docket reflects that Plaintiff has not filed an opposition.

On October 20, 2014, Plaintiff filed a Motion to Reopen Case No. 09cv2679 pursuant to FRCP 60(b)(3). (ECF No. 12). On October 24, 2014, Defendant MTS filed an opposition. (ECF No. 14). On November 3, 2014, Plaintiff filed a document titled "Plaintiff's Objection to Defendant's Request to Moot Deny Womack's Motion to Reopen Case No. 09cv2679 BTM-NLS" ("reply").[1] (ECF No. 16).

## DISCUSSION

**I.    Defendant's Motion to Declare Plaintiff Vexatious Litigant (ECF No. 10)**

Defendant requests that the court declare Plaintiff a vexatious litigant and enter a pre-filing order against him, which would require him to "receive permission from the Presiding Judge of the Court prior to filing any complaint, motion, or pleading in any United States District Court, against MTS, its affiliates (including, but not limited to San Diego Trolley Inc. and San Diego Transit Corp.), and the employees of each, regarding his termination from MTS or challenging the Judgment entered against him

---

[1] The Court construes this filing as a reply in support of Plaintiff's motion to reopen.

1  in Case No. 3:09-cv-02679-BTM-NLS." (ECF No. 10 at 2). Defendant contends that
2  Plaintiff should be declared a vexatious litigant because he has filed "at least **13**
3  complaints, motions, and grievances against Defendant ... its affiliates, and its
4  employees in the past five years, all litigating the circumstances of his termination from
5  MTS." (ECF No. 10-1 at 4) (emphasis in original). Specifically, Defendant contends
6  Plaintiff has filed the "following motions, complaints, and/or grievances challenging
7  his termination": (1) binding arbitration on December 10, 2008 and January 23, 2009
8  under the terms of the Collective Bargaining Agreement in which the arbitrator decided
9  in favor of MTS; (2) a civil lawsuit on October 7, 2009 (Case Number 09-cv-02679-
10 BTM-NLS (S.D. Cal.)) ("*Womack I*") alleging his termination was discriminatory
11 which resulted in a summary judgment order in favor of MTS; (3) a motion in *Womack*
12 *I* to alter or amend judgment under Rule 59(e), which was filed on March 17, 2011 and
13 denied on May 24, 2011; (4) a motion for reconsideration in *Womack I* under Rule
14 60(b), which was filed on July 27, 2011 and denied on September 6, 2011; (5) another
15 motion for reconsideration in *Womack I*, which was filed on September 28, 2011 and
16 denied on October 4, 2011; (6) another rule 60(b) motion in *Womack I* based on "newly
17 discovered evidence," which was filed on October 21, 2011 and denied on February 27,
18 2012; (7) a new lawsuit filed in California state court on August 5, 2013 for defamation
19 in which Womack voluntarily dismissed the complaint; (8) the present action in
20 California state court on July 21, 2014; (9) a pleading in state court demanding an
21 evidentiary hearing on "new evidence" on August 18, 2014, the date of removal to this
22 Court; (10) a request for leave to amend the Complaint in state court on September 2,
23 2014, even though the case had been removed; (11) a request for "an immediate hearing
24 on discovered evidence" in state court on September 4, 2014, even though the case had
25 been removed; (12) a declaration in this case seeking remand to state court on
26 September 15, 2014; and (13) a request for an "Emergency hearing on Jurisdiction" in
27 this case on September 29, 2014. *Id.* at 5-9.
28         Defendant contends that all four factors as articulated in *Molski v. Evergreen*

*Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) are met so as to permit the Court to declare Plaintiff a vexatious litigant. First, Defendant contends that Plaintiff has been given notice and an opportunity to be heard based on its properly noticed motion. Second, Defendant contends that it has provided the Court with an adequate record of Plaintiff's vexatious litigation history, given the thirteen pleadings that Plaintiff has filed related to his termination from MTS. Third, Defendant contends that Plaintiff's litigation conduct is harassing and frivolous because he has attempted over and over to relitigate the same issues that have been previously adjudicated. Defendant contends that Plaintiff has no objective, good faith expectation of prevailing because his claims are clearly barred by *res judicata* and collateral estoppel, but continues to file new related pleadings in order to harass. Defendant contends that Plaintiff's actions are a waste of judicial resources and Defendant's resources and that Defendant has been required to expend $127,000 in legal fees to date. Finally, Defendant contends that a pre-filing order is necessary and narrowly tailored. Specifically, Defendant contends that Plaintiff will not be deterred without it because Defendant was unable to garnish Plaintiff's wages after prevailing on summary judgment and obtaining an award of costs. Defendant contends that the request is narrowly tailored because it only seeks a pre-filing order as to Plaintiff's filings against Defendant, and in relation to his termination from MTS.

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir. 2007). "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants notice and 'an opportunity to oppose the order before it [is] entered'; (2) compile an adequate record for appellate review, including 'a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific vice encountered.'" *Ringgold-Lockhart v. County of Los*

*Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)). The third and fourth factors are the "two substantive factors," and the Ninth Circuit Court of Appeals has found that the following Second Circuit factors are a "helpful framework" in determining whether a party is a vexatious litigant:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *Molski*, 500 F.3d at 1058). "To determine whether the litigation is frivolous, district courts must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Ringgold-Lockhart*, 761 F.3d at 1064 (internal quotations and citation omitted). "[E]ven if [a litigant's] petition is frivolous, the court [must] make a finding that the number of complaints was inordinate." *Id.* (quoting *De Long*, 912 F.2d at 1148). "As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings 'show a pattern of harassment.'" *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148). "Finally, courts should consider whether other, less restrictive options, are adequate to protect the court and parties." *Ringgold-Lockhart*, 761 F.3d at 1064-65 (holding that the district court abused its discretion by failing to consider whether "imposing sanctions such as costs or fees on the [plaintiffs] would have been an adequate deterrent").

Although federal courts have the power to "regulate the activities of abusive litigants" by entering pre-filing restrictions, "such pre-filing orders should rarely be filed." *De Long,* 912 F.2d at 1147. "If used too freely or couched in overly broad terms, injunctions against future litigation may block free access to the courts" and eliminate the "final safeguard for vitally important constitutional rights." *Wood v.*

*Santa Barbara Chamber of Commerce,* 705 F.2d 1515, 1525 (9th Cir. 1983). "In light of the seriousness of restricting litigants' access to the courts, pre-filing orders should be a remedy of last resort." *Ringgold-Lockhart*, 761 F.3d at 1062.

To date, Plaintiff has filed three lawsuits against Defendant related to his termination from MTS. Based on the record, the Court does not find "that the number of complaints [is] inordinate." *Ringgold-Lockhart*, 761 F.3d at 1064; *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1525 (9th Cir. 1983) (affirming grant of permanent injunction against relitigation of a case that evolved from a "simple *pro se* employment dispute" to a "morass of litigation, into which [the plaintiff had] pulled over 250 defendants and, at one point, over 30 district courts"); *De Long*, 912 F.2d at 1148 (holding that the district court abused its discretion when it did not make a finding that "the number of complaints was inordinate" to justify a finding of frivolousness, where the plaintiff had filed three related habeas petitions and two post-judgment motions). Furthermore, on October 23, 2014, the Court denied Defendant's motion for sanctions on the grounds that Plaintiff was unreasonably and vexatiously multiplying the proceedings by repeatedly seeking to vacate the judgment in *Womack I*. *See* ECF No. 13 at 6. Since the October 23, 2014 Order was issued, Plaintiff has filed a reply in support of the pending Motion to Reopen and the pending request for oral argument. Because the Court recently determined that "the less restrictive option" of "sanctions such as costs or fees" are not appropriate at this stage in the proceedings, the Court finds that declaring Plaintiff a vexatious litigant is not an appropriate remedy at this stage in the proceedings. *Ringgold-Lockhart*, 761 F.3d at 1064-65.

Defendant's motion to declare Plaintiff a vexatious litigant is denied.

## II.   **Plaintiff's Motions (ECF Nos. 12 and 18)**

Plaintiff moves to reopen *Womack I*. (ECF No. 12). Plaintiff also requests oral argument on November 17, 2014, the hearing date of Defendant's Motion to Declare Plaintiff a Vexatious Litigant. (ECF No. 18). Plaintiff's request indicates that he

wishes to make "arguments in regards to Plaintiffs [sic] case of fraud and illegal termination." (ECF No. 18).

On October 23, 2014, the Court dismissed this case with prejudice, reasoning that, "[b]ecause a judgment for Plaintiff in this action would necessarily require the Court to vacate the judgment entered in case number 09cv2679, the Court cannot entertain this case." (ECF No. 13 at 5). The Court cannot entertain this case or reopen *Womack I*. As stated in the October 23, 2014 Order, "Plaintiff is HEREBY NOTIFIED that subsequent filings in this case may be grounds for sanctions. *See* 28 U.S.C. § 1927. Further attempts in this case to vacate the March 1, 2011 Judgment in case number 09cv2679 may be construed as recklessly raising a frivolous argument." (ECF No. 13 at 6).

Plaintiff's Motion to Reopen Case No. 09cv2679 pursuant to FRCP 60(b)(3) (ECF No. 12) is denied. Plaintiff's request for oral argument on November 17, 2014 (ECF No. 18) is denied as moot.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Declare Plaintiff a Vexatious Litigant and for a Pre-Filing Order (ECF No. 10) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reopen Case No. 09cv2679 pursuant to FRCP 60(b)(3) (ECF No. 12) is DENIED. Plaintiff's request for oral argument on November 17, 2014 is DENIED as moot.

DATED: December 5, 2014

**WILLIAM Q. HAYES**
United States District Judge